Good morning. May it please the Court, Elizabeth White for the United States. I'd like to provide just a little bit of context before we get to the fairly narrow issue on appeal here. I think we're pretty familiar with it. And my question to you, I want to sort of get right to the heart of what I think is the pivot point for me. I think that the only possible justification that could withstand any form of scrutiny is the 403 balancing. Because just speaking for myself, I think the Court's other reasons don't fly. Would you discuss the 403 balancing? Sure. And what we're talking about, there are six specific items of Dominion evidence that we identified. Two emails and four images. Two of the four photographs show Mr. Inclan with a young girl. I believe it's his daughter, but I'm not sure about that. The district court at the hearing said that when you're talking about a child pornography defendant, a picture of a defendant with a young child could inflame the jury's passions, you know, or make the jury worried for the girl. And we review that finding for abuse of discretion. Yes, yeah, and we don't dispute that. Okay. So as to those two photos, judge was within his rights under 403 to exclude them. Except that what we said at the hearing, and I actually showed a little picture of how it could be done in my reply brief, it would be really easy to redact the girl out of it. But the district court, as I read it, the district court didn't have an opportunity to look at the proposed redaction or cropping. No, no. We just said we would have no objection to redacting. And he cut us off and said it's not probative enough. What was the court's response to that suggestion of yours? He cut off. The prosecutor started to say, Your Honor, we would have no objection to redacting these pictures to remove the child. And he said, you know what, I just don't find them probative enough. So he never actually. So he went back to the 401 ruling, basically. Right. So sometimes a cropped photo looks like a cropped photo and is maybe more damning than the original, but with Photoshop and other things, maybe it's not. So isn't that something that the district court would have to look at the specific proposed photograph? I would think so. I think that if he were going to exclude those two images, I mean, that when we said these could be redacted, that was probably something that should have been explored rather than cut off. You don't need those, though, if you can get in any of the domain of it. Right. As I understand it, you want this evidence in simply to show that. That these were his drives. These were his hard drives. So put aside those two for a second. Here's my question. On the face of the judge's order, he said you have to disclose all the images that you intend to use at trial, correct? He said that we. I can read you the language, but that's to identify the specific images or set of images in this case that it would use in its case in chief. Right. That is from the transcript of the hearing? Right. Well, that's the judge's previous order. Okay. The February order. Right. In response to the bill of particulars. Right. So technically, aren't these images? Well, technically, yes, they are. But here's the thing. If you read the transcript, it is absolutely, it was never, there was never any doubt in anyone's mind that what we were talking about in that order was the images of child pornography. Why don't, why shouldn't we rely on the district judge to interpret his own order? It's an order he made. So let's assume that he'd said, when I mean, I say images, I mean everything. I just don't mean pictures of. Right. Of child pornography. I mean, any image you intend to use, I want you to disclose. Right. Now, and then you fail to do so. Yes. If he'd said that, would he have abused his discretion by excluding these images? No. So why, you know, the order sort of says that, and it's the way Judge Boulware interpreted it. Well, I think, yes. I'm sympathetic to your notion that it seems that what they had in mind were the pictures of child pornography. The point. But the order on its face says more. I would submit that taken as a whole, the transcript of the February 23rd hearing where the judge makes that order, what is absolutely clear is that the judge is directing the government to sort of reduce the universe of child pornography images that are at issue here. We found 10,000 child pornography issues in the defendant's bedroom, and the judge said, you know, to give the defense a fighting chance here, you have to say which ones you're going to use at trial so that they can have their forensic expert focus his attention on a manageable number of child pornography issues images rather than the 10,000. Let me ask the question differently. If this were a case where we're relying on that order, you said, oh, we have these dominion evidence images, but we're not going to submit them because they're not covered by the order. I think there would be a fair argument that the government was misled. But that's not what happened here, is it? No. We didn't know. It wasn't until the judge precluded us from substituting, and this goes back to, you know, very forthrightly, we made a mistake on the first response to the February 23rd order. Right. And you're not pursuing some of the charges because of that. Right. But the order is issued in response to a motion in Lemony that only requests a list of child pornography that the government intends to introduce at trial. Exactly. So the order was in response to a request for a list of pornographic images, and that's what the discussion at the hearing was about. That was what the discussion at the hearing was about. And I also think that when we made the error on the initial list and the defense caught it and we tried to correct it and the judge said, no, you're too late, effectively, and I think this was clear to everyone, that effectively that resulted in a dismissal of the two most serious charges. Right. To do the advertising counts, we needed the images from the desktop computer with the file sharing software. So now we so once when the judge issued that order, we immediately sent our agent to look at now we also had two disk drives on our exhibit list, and those disk drives which had child pornography that had been on the list of 50, and we said now, now that we're limited basically to a child pornography possession count, that was the only one that was left. We understand. Now we have to do that. And so that's when he identified those. We didn't, we didn't. Do you need the, this is a question that maybe you can't answer. Do you really need the images? In other words, can't your expert testify that he's examined both the computer and the hard drives and he knows that the person who owned the computer had access to the hard drives? I doubt that Judge Boulware would allow us to make those representations without evidence to support it. Well, experts can testify about things that are not in evidence. I think that I anticipate that Judge Boulware would require us to be able to prove that. Ms. White, I want to get your position clear so I can ask for a response from the appellant. Your position seems to be that throughout this colloquy at the hearing, the use of the word image can only reasonably be understood as referring to child pornography image. Yes. Is that your position? That is my position. And that, you know, there's no other reasonable way to interpret that term, so you comply, you literally comply with the order? Yes. And I think that if you look at the pleadings that the parties filed afterwards, both parties, as we cited a bunch of, we quoted from a bunch of pleadings, represented, characterized that order as the judge required the government to provide 50 child pornography images, limited the government to 50 child pornography images. Well, the judge also was in the discussion, said, well, each image could be the subject of a separate charge. Exactly. And that's true only if they're pornographic or allegedly pornographic images. Exactly. I believe. I do want to save time for rebuttal, but I just want to go back to your very first question. With respect to the other two photographs and the two snippets of e-mail, the 403B requires unfair prejudice, right, that the unfair prejudice has to substantially outweigh the probative value. What we're talking here is a snippet of an e-mail from eBay. He had ordered something. I don't even know what it was. An e-mail from a tax preparation service. Two personal photographs of him, you know, one sitting on a couch, one sitting in a car. There's simply no unfair prejudice, no risk of unfair prejudice from those items that even would prompt a 403B. I know you want to save time for rebuttal, but I need to ask you this question. Incline argues that there's two other reasons why we ought to affirm the district judge's order, but they're not reasons that the district judge addressed. Right. Those are issues that ought to be taken up on remand if we reverse, right? They could be, although, honestly, I think that if you look at the record, those don't hold water. Well, if you want us to take them up, we'll take them up. I'm asking a separate question. Do you want us to take them up, or do you want us to ask the district judge to take them up? I think that they are because they weren't on the trial exhibit list. You know, the disks were. No, I'm not asking about the merits. Okay. Yes, I would like you to take them up. Incline says we should address them. Do you want us to address them? Sure. I think you should take them up. I think we have very strong arguments that the disks on which this dominion of evidence is found were on the exhibit list. And, frankly, this goes right back to the Schwartz case that we cited, where this Court said that when the government didn't include a witness on its witness list, that didn't violate the judge's order, because the judge's order was that the government had to identify all the witnesses that it intends to call at trial. And at the time it filed its witness list, this witness was still a defendant and so could not possibly, the government couldn't have intended to call him at trial at the time they filed their list. Here, the judge's standard order says that we need to provide a list of the exhibits we intend to introduce at trial. And it wasn't until four days before trial, when the judge effectively threw out 95 percent of our cases as sanction for this inadvertent error on our list, that we realized that now we need to file these. So I think under Schwartz, that also wouldn't qualify as a basis for excluding the evidence with respect to the exhibit list. And now I am well over my time. Okay. Thank you. Thank you. Ms. Cleary? Thank you, Amy Cleary, on behalf of Carlos Inklan. I think at this point I would like to throw out what I prepared and answer all of these questions. I'll start first, though, with making sure that we are clear on what the district court did below. The district court did not rush this decision. The district court gave the government every single opportunity. Well, that doesn't really help us, I think, whether the judge gave them time or opportunity and so on and so forth. The court's first statement that the 50 images meant any kind of images, it seems to me is untenable, because even your own memorandum refers to you requested a list of the pornographic images. Your memo talks about the pornographic images. The court talks about every such image could be a subject of a charge. So that seems untenable. I don't think it is untenable, Your Honor. I think when the district court explained very carefully to the government in its hearing on February 23rd, it explained that the sole purpose of requiring those images was to make clear that it wanted to make sure that Mr. Inklan and defense counsel and his expert, if defense counsel chose, could find where those images came from. Counsel, I want to read you the first sentence of your memorandum of points and authorities. At the hearing on February 23rd, 2017, the court ordered the government to identify for the defense the child pornography images the government intended to introduce at trial. And you repeat that, the images of child pornography. That seems to me how everybody, including the court, understood that order. I disagree, Your Honor. And, again, the whole point of requiring images, regardless of what a particular attorney was referencing when writing those memos, was to be clear. And that's the reason why individual image can serve as the basis for a charge of child pornography. Exactly, because the government had to prove the Dominion evidence. The Dominion evidence. Dominion evidence, some guy's eBay account, isn't an image of child pornography that can support a charge, which is what the judge was explaining. Well, when the government explained that it had to show Dominion evidence, it also admitted that it needed a forensic expert to testify as to the Dominion evidence when it explained that those emails, it was found from an expert, and an expert would need to testify at trial to talk about those email fragments. Those were images in actuality, and those photographs came from files that the defense expert would have to come back and trace. That was the exact same purpose. That alone wouldn't form the basis of a charge. That's exactly what the government is saying. It needed those images for. No. It's saying that it needs it to prove knowledge with respect to the pornographic images. Knowledge is an element of possession of child pornography. You have to know that you have it under the statute. Which is part of the charge. Well, but it isn't an individual charge. And eBay, an email to eBay is not, can't possibly support a charge. Then they don't need the images. If it doesn't support the charge. Well, are you saying that you concede that these images came from his hard drives? As to which he had. I am not conceding anything. I am saying. The government needs to prove it. I'm saying, Your Honor, respectfully, if you are relying on a single sentence from the district court's order. It's not a single sentence. It's repeated over and over and over again. From the defense attorneys. No, from both sides at the hearing and the judge. I mean, image clearly is referring to pornographic images. Absolutely. Not in that February 23rd conference. Not one time does the district court say child pornography images. Let me test your understanding of the district court's order. Let's assume that the government had a picture of Mr. Inkland sitting at the computer with the relevant hard drive next to him. A photograph. He could sit next to an elephant. Doesn't mean he owns the elephant. Listen to my question. Let's assume they had that photograph. They wanted to introduce it to show that he had control of the relevant hard drive. Do you think they would be precluded from introducing that by this order? It's an image. Are they introducing it on time? They're introducing it. Let's assume they haven't produced it. Instead of the dominion evidence, they say, oh, my God, you're right, we need to show he had control of the computer. Thankfully, we have this photograph that his family took of him at his favorite computer downloading child pornography. I would think. With the hard drive right next to it. So we want to introduce that to show that he had dominion and control. If the image came? Don't change the hypothetical. Okay, if the image came? Those are all the facts. Those are all the facts. You don't get to change my hypothetical. Can you just tell me if the image came from the discovery? No, it was not given to you. I told you initially, it's not given to you with these 50 images at the beginning. The government says, Your Honor, we have this image. We'd like to introduce it to show dominion and control. It doesn't show any pornography at all. It just shows him at the computer. No. Your view is that that would be excluded by this order. That would be excluded. Do you have any other arguments that you wanted to, because we've used up most of your time with this one, so. I do. The government's proffer as to either the images or the e-mail fragments was woefully deficient. The government argues on appeal that the trial attorneys below for the government made common sense arguments as to why they were past the relevancy requirements. Common sense isn't a proffer. Well, surely they're relevant. They show that he had dominion and control of the hard drive. Well, that was the argument the government wanted the district court to accept, but the government's proffer didn't allow. I don't understand that the government says we discovered these fragments, which can be these photos, the innocent photo. Put aside the one with the children. The innocent photo and the e-mail fragments on the hard drive. I disagree, Your Honor. Well, why, assuming that they said this is what they, this is where we got them, and therefore they must show, since he had control of the computer, that he also had control of the hard drive, what more do they need to show to show relevance? They might have done a little bit more, such as proffer to the court when the photos had any relevance at all. Does that go to their weight or to their relevance? Any, well, if they would have proffered some sort of connection to the conduct, it would have gone to admissibility. But it isn't about the conduct. It's about knowledge and control over the computer. It's not about connection to the pornography. It's about connection to the computer. I agree, Your Honor. But if the ---- And they show him connected to the computer. The court asked the government, can you show me anything that shows he took those pictures, downloaded those pictures, anything, can you tell me anything, government, that allows me to make that connection? And the government, at best, could say, we can only show you, Your Honor, that these pictures demonstrate at one point in time, one point in time, he used this computer. Let me ask a little different question about those same photos. What is your argument? Put aside the two with the child, you know, in the picture with him. On the other two, what is your argument that they're prejudicial under 403? Unfairly prejudicial. The government also argued that it was going to use those photographs and that e-mail snippet to argue to the jury that it was going to rely on that to make a tenuous connection to say to the jury that because these items exist ---- Why are the items unfair? What Judge Tashima asked is, why are the items taken alone unfairly prejudicial? In other words, normally unfairly prejudicial is, I've got a picture of him at a communist rally or a Nazi rally, and that has nothing to do with this case. But we found a picture of him killing a rabbit. But this is just an e-mail fragment. Why is that fragment taken alone unduly prejudicial? And you just ---- the government was relying on that, it told the district court, to tell the jury, you can convict Mr. Inclon because this shows beyond a reasonable doubt ---- 403 doesn't deal with stuff that just because it hurts your case. 403 says the evidence by itself has to be unduly prejudicial. But 403 also says, Your Honor, if there is something of slight value, the ---- That's the relevant side. Judge Tashima was trying to focus on the unduly prejudicial side. It's unduly prejudicial if the government is telling you very clearly the purpose upon which it's going to rely. And if it's going to rely on this evidence to mislead the jury, that it can rely on this small, tenuous piece of evidence. Your argument seems to be that if the relevant is weak enough, you don't have to show prejudice. That's what you're arguing. No, no, no. That's what you're arguing.  You're saying it's, you know, something that's barely relevant is inherently prejudicial. That's your argument. That's all you have. No, I'm saying ---- Well, give me something else then. The something else is the government admitted to the district court that we would need an expert to be able to trace where this information came from. So what? Why does that make it unfairly prejudicial if they need to bolster it with other evidence? Let me try the question again in a different way. So you can ---- let's assume that it's plainly relevant. Okay? Okay. I know you think it's not, but just bear with me. Assume that it's plainly relevant. Do you have a separate argument about why these ---- not the pictures with the children, but the other images are unduly prejudicial? Because we would have to stop trial, continue trial against Mr. Inkland's interest to proceed speedily to trial, summon an expert who would then have to come and do the investigation and the work necessary to be able to trace the file paths and present the defenses to that, which is exactly why, back in February, and the trial deadlines and the exhibit deadlines and the discovery deadlines that the Court put out to avoid in the first place. Right. And as I understand it, the district court didn't rely on those in excluding this evidence. And that's why I asked your colleague whether you think we ought to address those or send them back to the district court in the first instance. Well, I think in U.S. v. Williams, this ---- No, no. Don't quote a case to me. I'm asking a question. Do you think we ought to address those or send them back to the district court in the first instance? I think we should address it because in W.R. Grace, this Court went through all the district court's orders. Really? You'd rather that we take this up in the first instance rather than Judge Bolwer? There's the district ---- If I were standing there, I'd say, I'd like to go back to Judge Bolwer, who's been pretty favorable to me on these issues. Do you really want us to take up these issues that he never addressed in terms of whether or not it violates his pretrial orders and whether or not he would exercise his discretion, nonetheless, to let them in? The orders are clear. The government violated the orders. Thank you, counsel. You've well exceeded your time. Thank you. You may have a minute for rebuttal. We asked you a lot of questions. Thank you. I just like to make three very quick points. I don't want to take up too much time. What the district court said in finding that the images were not relevant is that the government could not adequately proffer that these images would establish in Klan's possession or use of the drives because somebody else might have put them on or whatever. And that is simply not the test of relevancy. Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence more likely or less likely. The fact that he had snippets of e-mails, that he had personal photographs on these drives makes it more likely that these are his than it would be without that evidence. So that's it. 403B, the point about even if these items are considered to have slight probative value, which we would dispute, but even if that's the probative value is slight, it still needs to be substantially outweighed by the risk of unfair prejudice. And there is simply no unfair prejudice. Sotomayor, I want to ask the question that your colleague wants us to decide, and you do, too, and I'm not sure I want to. Could Judge Boulware have said in this case, look, wholly aside from my February order, you have come up with a new case on the eve of trial, and now it requires experts, and now it's a whole different case, and you should have let me know earlier about this.  You admit you goofed. And therefore, I'm not going to let you change your theory on the eve of trial. Now, I'd like him to address that first rather than us. Do you really think we should address that? They have invited you to address that, and I would very much like you to address that. Well, I know. You both have. But I'm not sure either of you is right. But I think the reason for that, first of all, I think that that starts with a little bit of a false assumption, that the whole thing about having to come together with 50 images, having to limit it to 50 images, was so that their forensic expert could – I mean, they've had a – they had a forensic expert who had been looking at these drives, which had been available to them for nearly two years. Their forensic expert had been there, had been going through, had been going through. These are not, you know, because of the images – you know, this isn't regular discovery that we can just photocopy and give them these are. And my problem with that is I don't want to – because you're over time, is that none of those arguments were made to the judge who has the discretion to consider  We're up here on a wholly separate issue. That's why I'm sort of perplexed that both sides seem to think the record is developed enough for us to decide that issue. So that's – And we think that it is. And just one final point. In both of our exhibit list, our trial exhibit list and the revised trial exhibit list, there was an exhibit introduced of Inkland's driver's license photograph. That is an image. That was not on our list of 50 because it's not an image of child pornography. So I think that answers your first question to defense counsel. Thank you, counsel. The case just argued is submitted. We appreciate very much the arguments of both of you.
judges: Tashima, Graber, Hurwitz